UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DEBORAH COLLINS,

                                  Case No.:

                Plaintiff,
   -against-

SELIP & STYLIANOU, LLP
                Defendant
------------------------------------------------------------------X

## ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Deborah Collins brings suit against the debt collection law firm SELIP & STYLIANOU, LLP ("Selip") for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., N.Y. General Business Law § 349 *et seq*, and N.Y. Judiciary Law § 487, and in support would show as follows.

### SUMMARY OF CLAIMS[1]

On or about November 13, 2017 the debt collection law firm Selip signed and sent to Ms. Collins "Forbearance Agreement and Stipulation of Settlement" to settle in full a claim for a putative credit card debt. *See* Exhibit A. Ms. Collins promptly signed and returned the agreement. Ms. Collins, who lives on Social Security, entered into the settlement agreement to avoid the stress of being sued as Ms. Collins was caring for her critically ill daughter at the time. However, despite the agreement settling the account, Selip filed suit on November 15, 2017 to collect the same debt it settled, and then served that lawsuit on Ms. Collins on December 19, 2017.

### A. JURISDICTION AND VENUE

---

[1] This summary is not intended to limit the basis of Plaintiff's claims as the full factual basis for the claims are laid out in far greater detail in the statement of facts.

1. The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA"). Jurisdiction of the Court arises under 28 U.S.C. § 1331 in that this dispute involves predominant issues of federal law under the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because said claims are so related to the claim within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

2. Venue in this District is proper because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Bronx County, New York.

## B.   PARTIES

3. Plaintiff Deborah Collins ("Ms. Collins" or "Plaintiff") is an individual residing in Bronx County, New York.

4. Defendant Selip & Stylianou, LLP f/k/a Cohen & Slamowitz is a New York debt collection law firm that has its principle place of business in Woodbury, New York.

5. Selip & Stylianou regularly collects or attempts to collect, directly or indirectly, debts owed, or due or asserted to be due another by filing thousands of collection lawsuits, collecting on thousands of putative judgments, and sending thousands of collection letters. Selip & Stylianou, is therefore a debt collector within the meaning of 15 U.S.C. § 1692a(6).

## C.   STATEMENT OF FACTS

6. Selip, on behalf of a debt buyer named Midland Funding, LLC sought to collect on a putative debt allegedly originally owed for a Synchrony Bank Amazon.com credit account.

7. While Ms. Collins believed that she did not owe the debt at issue, and was able to dispute

it, her daughter had a severe form of cancer diagnosed just months before and it hung over her as it would over any parent. It seemed that, even given her lack of income beyond Social Security, it would be easier to just enter into a payment plan with the Defendant so she would have one less source of stress in this already difficult time of her life.

8. On or about November 13, 2017, Selip sent Ms. Collins a document entitled "FORBEARANCE AGREEMENT AND STIPULATION OF SETTLEMENT" to settle the alleged account in full. *See* Exhibit A. The Settlement set forth it "is made on November 13, 2017" for "full settlement" of the account. Ms. Collins agreed to pay the full amount of the debt of $1,040.22 over a period of 52 months. Ms. Collin's first payment of $20.22 was due by December 15, 2017, and she timely made that payment.

9. Ms. Collins lives on Social Security. She did not recall owing the debt Selip sought to collect. However, Selip's debt collection efforts touched Ms. Collins at a very difficult and vulnerable time: her daughter was diagnosed with multiple forms of cancer requiring surgeries and radiation treatment. Ms. Collins signed the Forbearance and Settlement agreement so she would not go through the stress and aggravation of being sued, and so she could focus on the serious, life-threatening disease ravaging her daughter.

10. The plain-meaning of "forbearance" is "a refraining from the enforcement of something (such as a debt, right, or obligation) that is due. Ms. Collins believed that entering into this payment plan would prevent further legal action by Selip. *See* "forbearance." Merriam-Webster Online Dictionary. 2018. https://www.merriam-webster.com/dictionary/forbearance (September 26, 2018). As such any consumer – least sophisticated,[2] reasonable, or otherwise -- would assume, without provisions to the contrary, that a "Forbearance Agreement" offered by a

---

[2] Under the FDCPA, whether a representation is deceptive is judged from the vantage point of the "least sophisticated consumer." Clomon v. Jackson, 988 F.2d 1314, 1318, 1319 (2d Cir. 1993).

putative creditor would be offering forbearance from their alleged right to sue to collect putative debt.

11. The Settlement had a provision that, if Ms. Collins missed a payment, that Midland would mail a written notice of default to her and that only after ten days of mailing such notice would the entire amount *less the total amount paid pursuant to this agreement* be due. **See Exhibit A** (Forbearance Agreement and Settlement).[3] Any consumer – least sophisticated, reasonable, or otherwise -- would interpret this condition as implicating forbearance on the entire amount being due as long as payments on the stipulation were made.

12. Despite drafting, signing, and accepting the Forbearance and Settlement Agreement "effective November 13, 2017," Selip filed suit in Bronx Civil County Court on November 15, 2017 seeking judgment now for the full amount of the debt, plus interest, and costs of court. *See* **Exhibit B** (Summons and Complaint, file stamped November 15, 2018.)

13. Given the Forbearance and Settlement Agreement, Selip had no right to file suit, and thus no right to demand judgment for the full amount of the debt, interest, and or costs of Court.

14. On December 1, 2017, believing the agreement was in effect and not aware that Selip has had filed the collection lawsuit, Ms. Collins obtained a money order and promptly and timely made her first payment to Selip. Selip accepted the payment without protest.

15. On or about December 19, 2017 Selip served Ms. Collins the summons and complaint in the collection lawsuit for the settled debt. Ms. Collins was stunned when she learned that the Defendant were proceeding with the lawsuit despite the agreement she had entered into with them, and immediately called to ask why the Defendant would sue her when she had agreed to the Settlement and made the first payment. Ms. Collins attempted to explain the situation but Selip refused to listen and simply instructed her to "read the rest of the letter."

---

[3] All exhibits to this complaint are incorporated by reference in their entirety.

16.     On December 12, 2017, the Settlement was filed with the court. The court itself apparently interpreted this agreement as Defendant agreeing to forbearance on suing Ms. Collins, listing on the Case Summary for the matter that the disposition date was December 12, 2017 and that the "Disposed Reason" was "Settlement Filed – Index Disposed." **See Exhibit C** [September 26, 2018 Case Summary in *Midland Funding LLC v. Deborah Collins*, CV-018808-17/BX ("Case Summary")].

17.     On December 21, 2017, Ms. Collins, pro se, filed and answer with the free limited scope legal assistance of the Civil Legal Advice and Referral Office ("CLARO"). On December 27, 2017, Ms. Collins filed a Demand for Documents and Information.

18.     The volunteer staff of CLARO advised Ms. Collins to cease making payments from her limited Social Security funds to the Forbearance and Settlement Agreement as Selip had breached the terms of the agreement by filing and serving the collection lawsuit.

19.     Bizarrely, on January 16, 2018, Defendant sent a Notice of Default to Ms. Collins pursuant to the Settlement that they had not upheld but apparently expected Ms. Collins to obey. *See* **Exhibit D** [January 16, 2018 Notice of Default and Right to Cure ("Notice of Default")]. The Notice of Default stated that Defendant "may request that the court enter judgment against you" – as if the Defendants, through their lawsuit, were not already making such a request.

20.     The Notice of Default did give the balance due as $1,020.22, and stated the amount was "the total account balance *less a credit for all amount paid by you* [emphasis added]." **See Exhibit D** (Notice of Default). Thus Defendant acknowledged as of January 16, 2018 that they had received and credited the $20 payment pursuant to the Settlement sent by Ms. Collins on December 1, 2017.

21.     On January 17, 2018, merely a day after the Notice of Default was sent, Defendant

responded to Ms. Collins' Demand for Documents. **See Exhibit E** [January 17, 2018 Cover to Response to Defendant's Demand for Documents and Information ("Document Response"). Notably, the cover letter of the Document Response listed the "Date of Last Payment" as December 6, 2017 and the "Balance Due" as $1,020.22. *Id.*

22. Were it not for the listed "Date of Last Payment" and "Balance Due," it would seem like the communications about the Settlement and the communications about the lawsuit were coming from different law firms. But they were indeed both from Selip, on behalf of Midland, and despite their knowledge of the circumstance continued to try to, allegorically, have their cake and eat it too.

23. Confused and scared, on or about January 31, 2018 Ms. Collins sent a letter to Selip asking what was going on. *See* **Exhibit F**. As Ms. Collins explained in the letter, she only entered into the settlement agreement because it was her understanding that doing so would prevent Selip from suing her. In addition to the forbearance agreement itself, Ms. Collins was told on the phone that if she signed the agreement that she would not be sued. Ms. Collins demanded to receive a letter by February 5, 2018 (the day before the next hearing) that Selip agreed that the Forbearance and Settlement Agreement was set aside, so that Selip could not enter a default on the settlement agreement. Selip never sent the letter.

24. Remarkably, the Forbearance and Settlement Agreement which Selip drafted and breached, contained a putative release of claims against Midland and Selip for their debt collection misconduct. Simultaneously engaging in debt collection violations and attempting to dupe the least sophisticate consumer to release those very claims is itself unfair and unconscionable.

25. On February 6, 2018, the case was heard in Bronx County Civil Court. Ms. Collins

solicited the help of a volunteer attorney through the Volunteer Lawyer for the Day (VLFD) program. Selip attorney Arslan Akhtar told the volunteer attorney that having a consumer debtor enter into a stipulation, followed by Selip filing suit, is "standard." Selip further stated that it could move for a default judgment due to her "default" on the Settlement.

26.     On March 29, 2018, Defendant appears to have changed their mind on the matter, entering into a Stipulation of Discontinuance.

27.     By offering the Settlement to Ms. Collins with the intent to prosecute the lawsuit regardless (per Selip's "standard" practice), Defendant engaged in deceptive and misleading conduct that Ms. Collins reasonably relied on to her detriment. This wrongful conduct was for the purpose of collecting on a debt.

28.     By filing a lawsuit in breach of the Settlement they had agreed to, Defendant engaged in deceptive and misleading conduct both towards Ms. Collins and the courts. This wrongful conduct was for the purpose of collecting on a debt.

29.     By serving the lawsuit upon Ms. Collins, Defendant used deceptive and misleading conduct for the purpose of collecting on a debt.

30.     Even if the Settlement did evince that Defendant would not proceed with a lawsuit, which is doubtful given its language and Defendant's conduct more generally, it employed language that would deceive and mislead a consumer, least sophisticated or otherwise, into thinking that their payments were given in consideration for Defendant not exercising their alleged right to collect on the putative debt.

31.     Already troubled by her daughter's cancer, who at only 21 years old had to have her lymph nodes removed and received radiation treatment, Ms. Collins had entered the Defendant's Settlement expecting it to bring some order to her life and instead it brought nothing but chaos.

Anxious and confused by Defendant's breach of its own agreement, she was not able to sleep, only getting about two and a half hours of sleep per night.

### COUNT # 1: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

33. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *see also Hamilton v. United Healthcare of La., Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope.").

34. Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." *See* S. Rep. No. 382, 95th Con., 1st Sess. 5, ("[t]he committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance"); and *Jacobson v. Healthcare Fin. Servs.,* 516 F.3d 85, 91 (2d Cir. 2008) ("[i]n this way, the FDCPA enlists the efforts of sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.").

35. The obligation alleged to be owed by plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5) because the putative credit card debt was incurred primarily for family, personal or

household purposes.

36. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because Plaintiff was alleged to owe a "debt."

37. Selip regularly collects debts on behalf of putative creditors and putative assignees by filing thousands of collection lawsuits, sending out thousands of collection letters, making thousands of debt collection telephone calls, and issuing thousands of post-judgment garnishments and bank restraint, and that is Selip's principal purpose. Selip is therefore a "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

38. By their conduct detailed in the above statement of facts, Selip materially violated 15 U.S.C. § 1692e and 1692f.  By way of example, the Selip violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; threatening to take and actually taking an action prohibited by law; using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; using unfair or unconscionable means; and collecting or collecting to attempt any amount (including any interest, fee, charge, or expense), unless that amount is expressly authorized by agreement or by law.

### **COUNT 2: NEW YORK GENERAL BUSINESS LAW SECTION 349 *ET SEQ.***

39. Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

40. New York General Business Law Section 349(a) prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in this state…"

41. An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such action." N.Y. Gen. Bus. Law § 349(h). An individual may also be awarded punitive damages.

42. As enumerated in the Statement of Facts, Defendant violated N.Y. Gen. Bus. Law § 349 *et seq*. by using deceptive acts and practices in the conduct of their businesses that have broad impact on consumers at large.

43. Defendant's wrongful and deceptive acts caused injury and damages to Plaintiff.

44. As a direct and proximate result of those violations of N.Y. Gen. Bus. Law § 349 *et seq*, Plaintiff suffered compensable harm and is entitled to preliminary and permanent injunctive relief, and to recover actual, treble, exemplary, and punitive damages, together with costs and attorney's fees.

## COUNT 3: NY JUDICIARY LAW § 487

45. New York Judiciary Law § 487 creates a private right of action against an attorney or counselor who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party;" or "willfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for."

46. As enumerated in the Statement of Facts, Selip violated Judiciary Law § 487.

47. Plaintiff is entitled to actual damages, treble damages, and attorneys' fees and costs for Selip's violations of N.Y. Judiciary Law § 487, and Plaintiff so seeks.

## JURY DEMAND.

59. Plaintiff demands a trial by jury.

## PRAYER

60. WHEREFORE, Plaintiff requests the following relief:

a. A declaration that Defendant have committed the violations of law alleged in this action;

b. An order enjoining and directing Defendant to cease violating G.B.L. § 349 *et seq.*;

c. Actual damages, treble, exemplary, and punitive damages;

d. Statutory damages under 15 U.S.C. § 1692k against Selip;

e. Statutory, treble, and punitive damages against Selip and Discovery Bank pursuant to GBL 349;

f. An order awarding disbursements, costs, and attorneys' fees under 15 U.S.C. § 1692k and GBL 349;

g. Prejudgment and post judgment interest as allowed by law;

h. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Dated: Brooklyn, New York
November 5, 2018

Respectfully submitted,

/s/ *Ahmad Keshavarz*

By: _____
Ahmad Keshavarz
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:    (877) 496-7809